UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**R&R Auction Company, LLC**

    v.                                      Civil No. 15-cv-199-PB
                                                Opinion No. 2016 DNH 195

**Michael Johnson**


**MEMORANDUM AND ORDER**

In 2015, R&R Auction, a New Hampshire company, sued Michael Johnson, a California resident, in this court. R&R Auction brought a raft of federal and state-law claims, alleging that Johnson acted improperly in prosecuting his own lawsuit against R&R Auction in California state court. Johnson responded with a motion to dismiss for lack of personal jurisdiction, which I granted. See Doc. No. 33. R&R Auction then filed a motion for reconsideration. Doc. No. 35.

**I.   STANDARD OF REVIEW**

Reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Reconsideration is "appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the

original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); see L.R. 7.2(d). Accordingly, a party cannot use a motion for reconsideration "to undo its own procedural failures" or to "advances arguments that could and should have been presented" earlier. Id. A motion for reconsideration is not "a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal punctuation omitted).

## II. ANALYSIS

Although R&R Auction raises a number of issues, its arguments largely turn on two pieces of evidence that the company presents, for the first time, in its motion for reconsideration. Federal Rule of Civil Procedure 59(e) "contemplates reconsideration based on newly discovered evidence." Id. at 931. A district court may nonetheless "conclude in its discretion that the moving party's supposedly new evidence could have been presented prior to summary judgment." Id. Courts will therefore "deny a motion for reconsideration based on the 'new evidence' exception if that evidence in the exercise of due diligence could have been presented earlier." Allen, 573 F.3d at 53 (alterations and

punctuation omitted). "[A] party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19-20 (1st Cir. 2002).

Here, R&R Auction presents newly discovered evidence that several New Hampshire residents have visited Johnson's so-called "Litigation Website." See Doc. No. 35-2. The company also points out, for the first time, that Johnson initiated his communication with a New Hampshire reporter, during which Johnson allegedly defamed R&R Auction. See Doc. No. 35-3. Neither piece of evidence changes my decision to grant Johnson's motion to dismiss.

**A.    Litigation Website**

R&R Auction brought Lanham Act and state-law claims against Johnson, based upon Johnson's unauthorized use of the term "R&R Auction" on his Litigation Website.[1]  Relying in part upon the

---

[1] After noting that personal jurisdiction must be assessed separately with regard to each claim, see Sarah's Hat Boxes, L.L.C. v. Patch Me Up, L.L.C., 2013 DNH 058, 12, I grouped R&R Auction's fifteen claims into four categories. See Doc. No. 33 at 10.  In its motion for reconsideration, the company contends that "[t]his approach has the potential to underestimate the strength of any one claim."  Doc. No. 35-1 at 5 n.3.  This is a curious complaint, given that R&R Auction employed precisely the

3

First Circuit's recent decision in A Corp. v. All American Plumbing, 812 F.3d 54 (1st Cir. 2016), I concluded that R&R Auction had not satisfied the relatedness requirement with respect to those claims.  See Doc. No. 33 at 12-15.  As I explained, the fact that Johnson's website is accessible in New Hampshire, allegedly causes injury in New Hampshire, and has been viewed by at least one New Hampshire resident was inadequate to meet R&R Auction's burden.  Id.

R&R Auction has returned with evidence that at least six ("[t]here very well may be more") New Hampshire residents have viewed Johnson's website.  See Doc. No. 35-1 at 13.  The company argues that I should consider that evidence here because, it claims, R&R Auction only learned of these additional website visitors after responding to Johnson's motion to dismiss.  Id.  R&R Auction also contends that it did not appreciate the

---

same strategy in opposing Johnson's motion to dismiss.  See Doc. No. 15 at 9-11.  R&R Auction's critique is particularly unpersuasive because the company generally failed to explain which of Johnson's actions arguably satisfied the relatedness requirement.  Indeed, in its initial objection to Johnson's motion to dismiss, the company noted that "[t]he first task in a relatedness inquiry involves identifying the alleged contacts," but then declined to do so.  Id. at 7.  The company instead stated that it "has set forth the relevant contacts in the Facts section supra, as well as in the supporting declarations submitted herewith and other prior filings . . . and will not repeat them here."  Id.

4

significance of this evidence when it filed its briefs, because the First Circuit had not yet handed down A. Corp. Id. at 6-7.

These arguments are unpersuasive. Although A Corp. clarified the jurisdictional analysis for claims based upon a defendant's infringing website, it did not change the legal landscape. Rather, it has long been true that the mere fact that a website is visible in the forum, and injures a forum-based company, is insufficient to subject a defendant to suit in the forum. See McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir. 2005). "Something more is necessary." Id.

R&R Auction's newly submitted evidence -- that at least a handful of New Hampshire residents have now visited Johnson's website -- does not provide that "something more." Even when I consider this evidence, the company has not adequately alleged, for example, that Johnson designed his site to target New Hampshire residents, or provided any services to New Hampshire consumers through the site. Cf. Sarah's Hat Boxes, 2013 DNH 058, 16-17. Instead, R&R Auction has merely shown that some number of people in the forum have seen the site. That is not enough. Otherwise, "given the omnipresence of Internet websites today, allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." McBee,

5

417 F.3d at 124.

**B.   NHBR Contacts**

R&R Auction also brought claims arising from Johnson's allegedly defamatory statements about R&R Auction to a New Hampshire Business Review ("NHBR") reporter.  Relying upon the First Circuit's decision in Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201 (1st Cir. 1994), I determined that R&R Auction had satisfied the relatedness and purposeful availment requirements as to these claims.  See Doc. No. 33 at 18-22.  I further concluded, however, that the company had presented only minimally sufficient evidence to meet its burden.  I based that conclusion, in part, on the mistaken belief that R&R Auction had not shown, or alleged, that Johnson instigated his communication with the reporter.  See id. at 19 n.5.

In response, R&R Auction presents email exchanges showing that Johnson did in fact initiate that communication.  See Doc. No. 36-1.  These emails undoubtedly existed before R&R Auction opposed Johnson's motion to dismiss.  But, the company only learned of this evidence recently, when R&R Auction's counsel contacted NHBR's editor.  See Doc. No. 41 at 3 n.1.

The problem for R&R Auction is that it neither timely produced this evidence, nor adequately explained its delay.  In particular, R&R Auction has not "offere[d] a convincing

6

explanation," Karak, 288 F.3d at 20, for its apparent failure to reach out to the editor sooner.[2] At best, the company asserts that it was "excusably ignorant" of this evidence, because of what R&R Auction perceived as NHBR's reluctance to discuss the matter.  See Doc. No. 41 at 3 n.1.  Yet, when R&R Auction got around to contacting NHBR's editor, there is no evidence that he was, in fact, unwilling to help.  See Doc. No. 35-3.  The company's own submissions instead show that the editor responded to voicemail, discussed the matter with the company, provided the materials R&R Auction requested, and even completed an affidavit on the company's behalf.  See id.; Doc. No. 36-1.  I therefore conclude that, in exercising due diligence, R&R Auction could have discovered this evidence earlier, and decline to consider the company's "newly discovered" evidence here.  See Allen, 573 F.3d at 53.

R&R Auction also points out that it did, in fact, allege that Johnson instigated that communication with the NHBR reporter.  Because the company's briefs only hinted that Johnson may have solicited the conversation, see Doc. Nos. 15 at 3; 29

---

[2] To be fair, while briefing Johnson's motion to dismiss, R&R Auction's attorneys reached out to the NHBR reporter, though apparently not NHBR's editor, for additional information.  See Doc. No. 41 at 3 n.1.  The reporter was less forthcoming than the editor.

7

at 3 n.8, I concluded that the company had not affirmatively alleged that Johnson was responsible for originating the talk. In its motion for reconsideration, however, R&R Auction correctly points out that it did allege, "on information and belief," that Johnson contacted the reporter first. See Doc. No. 1 at 36. I therefore credit this allegation for the purposes of Johnson's motion. See Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

None of this alters my decision. In the March 2 order, I concluded that, even assuming that Johnson had not initially contacted the reporter, R&R Auction had satisfied the relatedness and purposeful availment requirements with respect to its defamation claims. See Doc. No. 33 at 20-21. Therefore, at most, R&R Auction's current arguments add some support to my previous conclusion. Cf. Ticketmaster, 26 F.3d at 207 (explaining that where, as here, "the defendant in a defamation action is a journalist's source, the link between the defendant's conduct and the cause of action is attenuated by the intervening activities of third parties"). They do not, however, change my determination that the reasonableness requirement -- and the appearance of possible harassment in particular -- cuts strongly against jurisdiction. See Doc. No. 33 at 22-27. And, after re-weighing the gestalt factors with

8

R&R Auction's showing on the first two jurisdictional requirements, I again conclude that R&R Auction has not met its burden of proving personal jurisdiction.

The company's other arguments do not warrant extended analysis. The company re-raises some arguments that I addressed in the March 2 order, and offers others that it "could and should have" presented earlier. Allen, 573 F.3d at 53. None of these arguments are appropriately before me, or persuasive, here.[3] See Biltcliffe, 772 F.3d at 930. I therefore decline to engage with R&R Auction point-by-point.

---

[3] For instance, R&R Auction argues that I erred by stating that "[t]he plaintiff must satisfy each of the[] three [jurisdictional] requirements." Doc. No. 35-1 at 7. "This is not a correct statement of the law," the company contends, because "once a plaintiff shows relatedness and purposeful availment, the burden of demonstrating unreasonableness shifts to the defendant." Id. I disagree. See, e.g., A Corp., 812 F.3d at 58 ("To succeed, [the plaintiff] must demonstrate that all three prongs are met."); Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) ("Under our precedent, a plaintiff seeking to establish specific jurisdiction must show that each of three conditions is satisfied . . . ."); C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) ("[Plaintiff] must succeed on all three prongs in order to establish personal jurisdiction."). Further, when addressing the reasonableness requirement specifically, I quoted Ticketmaster, 26 F.3d at 210, verbatim: "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." Doc. No. 33 at 22 (emphasis added). I then applied the relevant law.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration (Doc. No. 35) is denied.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

May 23, 2016

cc: Laura L. Carroll, Esq.
   Lawrence P. Murray, Esq.
   Zachary Rush Gates, Esq.
   Timothy John McLaughlin, Esq.
   Matthew M. Clarke, Esq.